IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 08-cr-00365-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL ARTHUR GRIGGS,
2. CHARLES HOMER "CHIP" SHARP,
3. JUSTIN SHANE BLACKBURN,
4. MARK R. TROUDT,
5. JASON ALAN CAIN,
6. BRETT DAVID HARDING,
7. PETER T. JENNINGS,
8. MATTHEW KASKEL,
9. GARLAND SCOTT RISDON, AND
10. DANIEL JOHN TRAVERS

    Defendants,

and

DISASTER RESTORATION, INC.,

    Intervenor.

## PROTECTIVE ORDER GOVERNING MATERIALS SEIZED FROM DISASTER RESTORATION, INC.

**Blackburn, J.**

    **A.    BACKGROUND:**

On September 8, 2008, a federal grand jury for the District of Colorado returned a sixty-count Indictment against the above ten named Defendants. *See* [#1].[1] Disaster

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

Restoration, Inc. ("DRI"), the intervenor and the present or prior employer of the Defendants, was not named as a defendant. The charges in the Indictment are based, in part, on materials seized during the execution of a search warrant at the offices of DRI on December 7, 2008. On October 31, 2008, the court granted DRI's motion to intervene in this action for the limited purpose of protecting its rights in the disclosure and dissemination of information obtained during the execution of the search warrant. *See* [#127].

For the purposes of this order, the materials at issue include the following materials seized during the execution of the search warrant at DRI: (1) mirror images of several computer hard drives and servers; (2) 114 boxes of documents and other evidence; and (3) materials produced by the government in electronic format and containing the following Bates numbers: 26,621-44,498, 52,632-53,047, 53,049-63,972, 67,204-69,896, and 70,141-70,220 ( "DRI discovery materials").

Although the government initially seized 127 boxes during the execution of the search warrant, 13 of those boxes have been determined by the government to be irrelevant and have been returned to DRI, and, thus, are not DRI discovery materials. DRI contends, and no party disagrees, that the remaining DRI Discovery Materials contain confidential, proprietary, and trade secret material including, but not limited to, client lists, account histories, marketing data, strategic marketing and business plans, accounting and financial information, proprietary pricing, proprietary techniques, specific contractual relationships and past employee personnel files.

The government and intervenor filed proposed protective orders. Defendants do

not oppose entry of the protective order proposed by intervenor. The court received argument in support of and opposition to the respective, proposed protective orders on December 5, 2008.

**B. FINDINGS AND CONCLUSIONS**

The court finds that confidential, proprietary and trade secret information belonging to DRI is contained in some of the DRI discovery materials. It is impracticable for the court to specifically identify each document or other piece of evidence contained in the DRI discovery materials that constitutes confidential, proprietary, and/or trade secret information. Under these circumstances, no party opposes the application of a protective order to all of the DRI discovery materials. Because the government has not demonstrated prejudice and because the government may seek relief from this order under Fed.R.Crim.P. 16(d)(1), the court approves and adopts the substantive provisions proposed by the intervenor in its proposed protective order. *See* [#136-2].

**C. PROTECTIVE ORDERS**

**THEREFORE, IT IS ORDERED** as follows:

1. That this protective order shall govern the treatment of all DRI discovery materials as defined above;

2. That no party to this action, no one hired or employed by the parties for the purpose of assisting in the preparation for trial in this case, or the National Insurance Crime Bureau, or any of its agents or employees, shall disclose any DRI discovery materials, except in connection with the preparation for trial and trial of this case;

3. That any person who obtains access to any DRI discovery materials shall use

such materials only in connection with the preparation for trial and trial of the case, and for no other purpose whatsoever, including any business, competitive, personal, private, or other purpose inconsistent with the terms of this order; and

    4. That this protective order is entered without prejudice to any right to file motions to return property or to suppress evidence pursuant to Fed.R.Crim.P. 41(g) and/or (h).

    Dated December 9, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**