IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 08-cr-00365-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL ARTHUR GRIGGS,
2. CHARLES HOMER "CHIP" SHARP,
3. JUSTIN SHANE BLACKBURN,
4. MARK R. TROUDT,
5. JASON ALAN CAIN,
6. BRETT DAVID HARDING,
7. PETER T. JENNINGS,
8. MATTHEW KASKEL,
9. GARLAND SCOTT RISDON, and
10. DANIEL JOHN TRAVERS,

    Defendants.

## THIRD SCHEDULING ORDER

**Blackburn, J.**

On January 9, 2009, I conducted a status and scheduling conference. After conferring with counsel and considering scheduling orders, I now enter the following, additional scheduling orders.

**THEREFORE, IT IS ORDERED** as follows:

1. That the following motions and concomitant responses shall be filed as required in the table below:

| Type of Motion | Motion Filing Deadline | Response Filing Deadline |
|---|---|---|
| Fed.R.Crim.P. 12(b)(3)[1] | March 16, 2009 | 15 days after filing deadline[2] |
| 18 U.S.C. § 3501[3] | April 6, 2009 | 15 days after filing deadline |
| Motions To Suppress[4] | April 6, 2009 | 15 days after filing deadline |
| Fed.R.Crim.P. 14[5] | April 6, 2009 | 15 days after filing deadline |
| Fed.R.Crim.P. 12[6] | April 27, 2009 | 15 days after filing deadline |
| Fed.R.Evid. 609(a)(1)[7] | April 27, 2009 | |

---

[1] Includes motions brought under Fed.R.Crim.P. 12(b)(3)(A) and (B). *See* footnotes 4, 5, 6, and 8, *infra*.

[2] Construed to mean that the government may file its response to any timely filed motion within 15 days of the deadline for filing a motion in this category of motions, as opposed to within 15 days of the filing of the discreet motion to which the response applies.

[3] Motions impugning the admissibility of confessions.

[4] Other than motions under 18 U.S.C. § 3501. I am aware of the modest redundancy or discrepancy between this category of motions and the category of motions I describe as "Fed.R.Crim.P. 12(b)(3))" because Fed.R.Crim.P. 12(b)(3)(C) addresses "(C) a motion to suppress evidence."

[5] Motions to sever. Once again, I am aware of the modest redundancy or discrepancy between this category of motions and the category of motions I describe as "Fed.R.Crim.P. 12(b)(3)" because Fed.R.Crim.P). 12(b)(3)(D) addresses "(D) a Rule 14 motion to sever charges or defendants."

[6] Other than motions brought under Fed.R.Crim.P. 12(b)(3).

[7] I realize this category does not describe a type of motion, but instead, describes a type of information; nevertheless, for the sake of convenience, I have included it under the rubric of "Type of Motion."

| Fed.R.Crim.P. 12(b)(3)(E)[8] | May 11, 2009 | 15 days after filing and service |
|---|---|---|

2. That on May 15, 2009, at 2:30 p.m., the court shall conduct a further status-scheduling conference at which all parties and their counsel shall appear, unless excused; and

3. That the court shall address jury instructions and verdict forms in a separate order.

Dated January 12, 2009, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

[8] Magistrate Judge Watanabe previously entered discovery orders in this matter; see, for example, document number 48. I recognize that the parties may seek additional discovery not anticipated in the various discovery orders. The parties are encouraged to confer and resolve, if possible, any discovery dispute before filing a motion under Fed.R.Crim.P. 12(b)(3)(E). Responses to specific motions are due 15 days from the date they are filed and served, as calculated under Fed.R.Crim.P. 45.