**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  08-cr-00365-REB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. MICHAEL ARTHUR GRIGGS,
2. CHARLES HOMER "CHIP" SHARP,
3. JUSTIN SHANE BLACKBURN,
4. MARK R. TROUDT,
5. JASON ALAN CAIN,
6. BRETT DAVID HARDING,
7. PETER T. JENNINGS,
8. MATTHEW KASKEL,
9. GARLAND SCOTT RISDON, and
10. DANIEL JOHN TRAVERS,

       Defendants.

and

DISASTER RESTORATION, INC.,

       Intervenor.

---

## ORDER OF RECUSAL

---

**Blackburn, J.**

      This matter is before me *sua sponte*.  This matter was set for a suppression

hearing today, Wednesday, March 18, 2009.  On the afternoon of Tuesday, March 17,

2009, counsel for defendants Sharp and Blackburn brought to my attention that one of

the witnesses under subpoena for the hearing is Mr. David Ollila, an employee of the

National Insurance Crime Bureau ("NICB"), who was present at one of the searches that

is subject of the hearing.  (***See* Notice to the Court** [#277] filed March 17, 2009.)  Mr.

Ollila is my daughter-in-law's step-father, whom I know personally and well.

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  This section requires a judge to recuse himself when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality."  ***Bryce v. Episcopal Church in the Diocese of Colorado***, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted).  Proof of actual bias is not necessary; recusal is required if the facts, from an objective perspective, admit of the appearance of bias.  ***Id.***; ***Salt Lake Tribune Publishing Co. v. AT & T Corp.***, 353 F.Supp.2d 1160, 1172 (D. Utah 2005).

Given these standards, it is clear to me that my further participation in these proceedings could well give rise to an objective appearance of bias.  Thus, I find and conclude that I must recuse myself from this case.[1]

**THEREFORE, IT IS ORDERED** as follows:

1. That the undersigned district judge is disqualified from presiding or acting further in this case; and

2. That this case shall be reassigned as provided by D.C.COLO.LCivR 40.1.

Dated March 18, 2009, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*

Robert E. Blackburn
United States District Judge

---

[1]  This is not the type of conflict that the parties may waive.  ***See*** 28 U.S.C. § 455(e).  Nor is it one that may be excused if the judge already has invested "substantial time" in the matter.  ***See id.***, § 455(f).