IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 08-cr-00365-MSK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. MICHAEL ARTHUR GRIGGS,
2. CHARLES HOMER "CHIP" SHARP,
3. JUSTIN SHANE BLACKBURN,
4. MARK R. TROUDT,
5. JASON ALAN CAIN,
6. BRETT DAVID HARDING,
7. PETER T. JENNINGS,
8. MATTHEW KASKEL,
9. GARLAND SCOTT RISDON, and
10. DANIEL JOHN TRAVERS,

       Defendants,

and

DISASTER RESTORATION, INC.,

       Intervenor.

---

## ORDER DENYING MOTION TO QUASH

---

**THIS MATTER** comes before the Court on the Government's Motion to Quash Rule 17

Subpoena (**#546**).  Although no Defendant filed a response to this motion, the motion was

addressed by each side at a Motion Hearing on August 14, 2009 (**#547**).

The Government argues that Defendants' Rule 17 *subpoena duces tecum* should be

quashed because (1) service of the Rule 17 *subpoena duces tecum* is an improper attempt to

circumvent the Court's previous ruling denying discovery under Rule 16; (2) Defendants' have

not made the necessary showing for disclosure under Rule 17 including specificity, admissibility,

and relevancy; (3) disclosure is not authorized by regulation; and (4) Defendants are already in

possession of all of the requested documents.  Defendants respond that (1) Rule 17 is a proper

method by which they can request documents for an evidentiary hearing; (2) the motion for

issuance of the Rule 17 *subpoena duces tecum* established the necessary elements for Rule 17

disclosure including specificity, admissibility, and relevancy; and (3) there is evidence

suggesting that Defendants do not already have all of the requested documents.

## I.   Background

Defendants are charged in a 60-Count indictment (**#1**) with various crimes relating to an

alleged insurance fraud scheme.  The charges grew out of an investigation conducted by the

National Insurance Crime Bureau ("NICB").  The NICB turned the results of its investigation

over to the Postal Inspector who then requested the assistance of the U.S. Attorney's Office.

Based on information generated by the NICB, and with its assistance, the Postal Inspector and

the U.S. Attorney's Office conducted a further investigation.  Ultimately, based on the

investigations, an Assistant United States Attorney ("AUSA") presented evidence to the Grand

Jury, which returned the Indictment in September 2008.

Defendants are concerned that the NICB has been overly and improperly involved in the

prosecution of this case.  Consistent with this belief, Defendants have sought discovery,

suppression of evidence, and dismissal of the charges against them.  Initially, Defendant Griggs

and Intervenor Disaster Restoration, Inc. ("DRI") sought and received authorization to serve a

Rule 17 *subpoena duces tecum* on the NICB (**#202, #207**).  The *subpoena duces tecum* requested

production of all documents, electronic files, and data relating to the NICB investigation.  This

included all correspondence and evidence of communications between the NICB on one hand,

and the Postal Inspector and the U.S. Attorney's Office, on the other.  It appears that the NICB

complied with the subpoena and produced all requested documents.

In addition, Defendants sought evidence reflecting such communications from the

Government pursuant to Fed. R. Civ. P. 16(a)(1)(E)(I) and *Brady v. Maryland*, 373 U.S. 83

(1963).  The Court denied this motion, with an implicit leave to renew. **(#514)**.[1]

Defendants also sought to suppress statements and evidence based on the NICB's

involvement in executing a search warrant at DRI.  An evidentiary hearing was held on May 28,

2009, June 25, 2009, June 26, 2009, and June 29, 2009.  The Court found that the search was not

unreasonable except as to the seizure of personal items of Defendants, and therefore denied the

Motions to Suppress with a corresponding limitation.

Finally, Defendants have moved to dismiss the Indictment based on prosecutorial

misconduct by allegedly disclosing grand jury material to the NICB in violation of Fed. R. Civ.

P. 6(e) and inappropriately ceding prosecutorial discretion and independence to the NICB.

Approximately two weeks prior to the evidentiary hearing on the Motions to Dismiss,

Defendants filed an *ex parte* motion for authorization to serve a Rule 17 *subpoena duces tecum*

on the Custodian of Records for the U. S. Attorney's Office.  The Court granted the motion, but

expressly noted that it made no finding as to whether the Government might have valid grounds

---

[1] By analogizing to *United States v. Armstrong*, 517 U.S. 456 (1996), the Court found that the material sought was not discoverable under Fed. R. Civ. P. 16(a)(1)(E)(I) because Defendants' claims of prosecutorial misconduct were not material to preparing the defense as required by Rule 16.  The Court also found that the material was not discoverable under *Brady*.  Ultimately, the motion was denied "*as currently framed* premised upon Rule 16 and *Brady*."

to quash the requested subpoena.  Although the *subpoena duces tecum* was delivered to the reception desk at the U.S. Attorney's Office two days before the evidentiary hearing, the assigned AUSA did not receive the it until the day before the hearing.  The Government moved to quash the *subpoena duces tecum* (**#546**), which is the motion currently before the Court.

At the hearing on the Motions to Dismiss, Defendants represented that they were unable to proceed without the documents requested in the *subpoena duces tecum*.  The Court reserved ruling on the Motion to Quash pending an *in camera* review of the responsive documents.  The issues to be determined were whether there were any responsive documents[2] that Defendants did not otherwise have, and if so, whether Defendants were entitled to obtain such documents from the Government.  The Government submitted the responsive documents; Defendants submitted the documents that they already had in their possession.  The hearing was continued.

## II.   Legal Standard

In a criminal case, unlike a civil case, neither side enjoys a general right to discover the others' evidence.  *See United States v. Nacchio*, 555 F.3d 1234, 1259 (10th Cir. 2009).  A defendant is, however, entitled to request and receive certain specific types of evidence from the Government—both as prescribed by Fed. R. Civ. P. 16 and by constitutional dictates.  Rule 16 states, *inter alia*,

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the possession, custody or control of the government, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

---

[2] The Court limited the inquiry to documents evidencing communications during the period between January 17, 2006 and September 8, 2008, the time period prior to the Grand Jury's return of the Indictment in this case.

4

Fed. R. Civ. P. 16(a)(1)(E).  Constitutional disclosures are required in accordance with a number

of readily recognized Supreme Court decisions such as *Brady*, *Giglio v. United States*, 405 U.S.

150 (1972), and *Roviaro v. United States*, 353 U.S. 53 (1957).

Consistent with a right to discovery[3],  Rule 17(c) authorizes a defendant to serve a

subpoena commanding a person, including the Government, to produce books, papers,

documents, or other items.  Ordinarily, in order to obtain production prior to trial under Rule

17(c), the moving party must show that (1) the documents sought are evidentiary and relevant;

(2) the documents cannot be otherwise procured by the exercise of due diligence; (3) the moving

party is unable to adequately prepare for trial without the documents and the inability to get the

documents would result in a delay of the trial; (4) the application for such documents is made in

good faith and is not merely a "fishing expedition."  *See United States v. Nixon*, 418 U.S. 683,

699 (1974).

However, there are slightly different requirements for discovery that relates to a motion

to dismiss.  In *United States v. Armstrong*, 517 U.S. 456, 462–64 (1996), the Supreme Court

addressed discovery relating to a request for dismissal due to selective prosecution based on

race.  In *Armstrong,* the Court noted that documents requested in connection to a motion to

dismiss based on selective prosecution would not be discoverable under Fed. R. Civ. P. 16

because they did not relate to the "defendant's defense."[4]  The Court reasoned that documents

---

[3] Rule 17 does not, however, provide an additional means of discovery, but merely provides a
method by which a party to a criminal action may expedite a time and place for inspection of certain
materials prior to trial.  *See United States v. Gonzalez-Acosta*, 989 F.2d 384, 389 (10th Cir. 1993)
(quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)).

[4]*Armstrong* was decided under an earlier version of Rule 16 which used the language "material to
the preparation of the defendant's defense" as opposed the current version of the rule which uses
"material to preparing the defense."  This Court does not find the change in the language of Rule 16 to

relating to a "defendant's defense" were limited to those that could be used as a shield to directly refute the allegations in the indictment, as compared to arguments that could be used as a "sword" to collaterally attack the prosecution's conduct in the case. The allegation of selective prosecution fell into the latter category—a collateral attack on the charges due to the unconstitutionality of the prosecutor's conduct.

Although *Armstrong* specifically concerned a collateral attack in the form of selective prosecution, its lessons can be applied to other types of collateral attacks based upon prosecutorial conduct. In *Armstrong*, the Court conditioned a right to discovery upon a threshold showing of the allegedly unconstitutional conduct; for selective prosecution this required a showing of different treatment of similarly situated persons. The Supreme Court reasoned that AUSAs necessarily have broad discretion to enforce the United States' criminal laws and, therefore, are entitled to a presumption that they properly discharge their duties. Because a defendant must overcome this presumption to succeed in a collateral attack, and because permitting discovery may impose significant burdens on the Government, divert the Government's resources, and potentially disclose the Government's prosecution strategy, satisfaction of a "rigorous standard" is necessary to justify discovery. To obtain discovery on a selective prosecution claim (or arguably in conjunction with any collateral attack based on conduct of the government), a defendant must make a threshold "credible showing" that the challenged conduct occurred.

### III.   Analysis

Although the matter is at issue based upon the Government's Motion to Quash a Rule 17

---

affect the precedential nature of *Armstrong*.

*subpoena duces tecum*, the technical aspects of the Motion are no longer relevant.  The

fundamental issues are whether (1) the information sought from the Government exceeds that

which Defendants have obtained from other sources; and (2) if so, whether such information is

discoverable with regard to Defendants' Motions to Dismiss.

As to the first issue, the Court has carefully reviewed, *in camera,* the documents

submitted by each side, and finds that Defendants are not currently in possession of all of the

documents that are responsive to the Rule 17 subpoena.[5]

Thus, the Court turns to the second issue—whether Defendants are entitled to these

documents.   In this regard, the reasoning of *Armstrong* is instructive.  Although Defendants are

not pursuing a claim of selective prosecution, as was the issue in *Armstrong*, Defendants' claims

are properly classified under the umbrella category of prosecutorial misconduct.  Defendants

allege that the Government violated Fed. R. Civ. P. 6(e), which requires grand jury secrecy

excepted in limited, enumerated circumstances, by revealing the substance of grand jury

proceedings to the NICB.  Defendants also allege that the Government unconstitutionally ceded

its prosecutorial discretion to the NICB by allowing it too much input and influence in

prosecutorial decisions.  These contentions attack the presumption that prosecutors have

properly discharged their duties, and challenge whether Defendants have received

constitutionally required due process.[6]

---

[5]  The Court does not endeavor to quantify the number or amount of documents that Defendants do not already have in their possession, but has merely ascertained that there are some responsive documents that Defendants do not currently possess.

[6]  With respect to grand jury secrecy, the Supreme Court has routinely found that the proper functioning of the grand jury system depends on the secrecy of the proceedings.  *See Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218–19 & n.10 (1979).  In fact, there are several distinct interests served by keeping grand jury proceedings secret including promoting the willingness of witnesses to testify as

Following the teaching of *Armstrong*, a right to discovery pertinent to these issues does not arise under Rule 16, and in order to obtain discovery from the Government, Defendants must present some evidence supporting their allegations.

Defendants have made a sufficient showing in that regard.  Under Fed. R. Crim. P. 6(e) neither the U.S. Attorney's Office nor the Postal Inspector may disclose "a matter occurring before the grand jury."  Although the rule itself does not define "matter occurring before the grand jury", the term has been interpreted to incorporate matters that reveal the identities of the witnesses or jurors, the substance of the testimony, the strategy or direction of the investigation, the deliberations or questions of the jurors, and other similar information.  *See Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 870 (D.C. Cir. 1981). The principle of grand jury secrecy should not be broken unless the moving party makes a particular showing of a "compelling necessity."  *See United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958).

Here, the evidence presented in the hearing on the Motions to Suppress and that proffered in the Motions to Dismiss demonstrate substantial cooperation, if not coordination, between the U.S. Attorney's Office, the Postal Inspector, and the NICB during the investigation and, even more importantly, in the drafting of the Indictment and determination of the timing and scope of the presentation to the Grand Jury.  In particular, the evidence suggests that the AUSA or Postal Inspector both disclosed to the NICB that the U.S. Attorney's Office would be moving forward

---

well as ensuring their full and frank testimony, avoiding pre-indictment warning to a defendant, preventing witness and juror intimidation or tampering, and protecting the public reputation of those who are exonerated by the grand jury.  *See id.*

     As to prosecutorial independence, prosecutors hold a unique position in our criminal legal system in that they must advocate not only for the Government's interest but also for a fair and just result.  *See Berger v. United States*, 295 U.S. 78, 88 (1935).

in

grand jury proceedings and when these proceedings would likely commence, and discussed

drafts of the Indictment with the NICB.  There is no argument that any authorization for

disclosure was obtained.  Because such disclosures could pertain to the strategy or direction of

the investigation, the disclosures are subject to Rule 6(e),[7] and Defendants have made a

sufficient showing upon which to predicate a request for discovery of the communications

requested in the *subpoena duces tecum*.

**IT IS THEREFORE ORDERED** that

(1)      The Government's Motion to Quash Rule 17 Subpoena **(#546)** is **DENIED**.

(2)      The Government shall disclose all materials responsive to the *subpoena duces
tecum* to Defendants by Thursday, November 19, 2009.

---

[7] Often the test used to evaluate an alleged violation of Rule 6(e) is whether the disclosure would reveal what was before the grand jury.  *See Anaya v. United States*, 815 F.2d 1373, 1379 (10th Cir. 1987) (citing *Fund for Constitutional Gov't*, 656 F.2d at 871).  However, this test is premised on the assumption that the grand jury proceedings have concluded, and does not address disclosures that would reveal the strategy or direction of the investigation before the information is fully presented to the grand jury.

(3)     Counsel shall jointly contact chambers no later than Wednesday, November 25,

        2009 to reschedule a 2-day evidentiary hearing on Defendants' pending Motions

        to Dismiss on (a) March 4–5, 2010; (b) April 6–7, 2010; (c) April 7–8, 2010; or

        (d) April 8–9, 2010.

Dated this 12th day of November, 2009

                            **BY THE COURT:**


                            _____

                            Marcia S. Krieger
                            United States District Judge